**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **R.L.**

**No. 24-395** (Tyler County CC-48-2019-JA-15)

## MEMORANDUM DECISION

Petitioner Father M.L.-1[1] appeals the Circuit Court of Tyler County's June 13, 2024, order granting custody of R.L. to the mother, arguing that the circuit court erred in denying him equal custody because it failed to consider certain statutorily mandated factors.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision vacating and remanding the circuit court's June 13, 2024, order is appropriate in accordance with the "limited circumstances" requirement of Rule 21(d) of the West Virginia Rules of Appellate Procedure.

In September 2019, this matter was initiated upon the filing of an abuse and neglect petition. However, the parties have not included the original petition nor any documents relevant to the resolution of that matter in the appendix record on appeal. What is apparent from the record before us is that, at some point, the petitioner sought modification of an existing parenting plan, and the circuit court held an evidentiary hearing on the issue. By order entered in August 2020, the court modified the prior parenting plan to allow for an equal sharing of custody by the parents.[3] Additionally, neither parent was ordered to pay child support as a result of their equal custody.

In May 2023, the respondent filed a petition for expedited modification of child support, claiming that the petitioner had failed to exercise his parenting time with the child for approximately one year. According to the respondent, the petitioner rarely communicated with the child and was not involved in any of her activities. The respondent further asserted that she provided all financial support for the child. In August of 2023, the respondent filed a second petition to modify both child support and the previously entered parenting plan based upon similar allegations.

---

[1] The petitioner appears by counsel Justin M. Raber. Respondent Mother M.L.-2 appears by counsel W. B. Richardson Jr.

[2] We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e). Because the petitioner and the respondent share the same initials, we refer to them as M.L.-1 and M.L.-2, respectively.

[3] The proceedings below concerned an additional child who subsequently reached the age of majority and, as such, is not at issue in this appeal.

The court then held a hearing on the petitions to modify in November 2023. The court heard testimony from the respondent in support of her assertions that the petitioner was not exercising his parental time with the child. Because she was exercising custody, the respondent also requested that the court order the petitioner to pay child support. Finally, the petitioner testified as to his past exercise of custody and claimed that, eventually, his time with the child "dropped off because [the child] said she was just so busy with extracurricular activities, babysitting, and other stuff." The petitioner indicated that if R.L. did not wish to see him, he would honor her request.

Ultimately, the court entered an order granting the respondent's petition to modify.[4] The court found that R.L., then thirteen years old, had limited contact with the petitioner and resided almost exclusively with the respondent. The court then concluded that it was in the child's best interests to grant the respondent's petition for modification and awarded the respondent primary custody of the child. Citing the petitioner's acceptance to abide by the oldest child's wishes not to spend parental time with him, the court found that "it seems appropriate to allow [R.L.], now almost 14, the same choice." Accordingly, the court limited the petitioner's parental time with R.L. "to the time(s) when she is willing to spend time with him." The court also ordered the petitioner to pay child support in the amount of $813.13 per month for the child and imposed other financial responsibilities.[5] The petitioner appeals from the order granting the respondent's petition to modify.

We have held as follows:

> When this Court reviews challenges to the findings and conclusions of the circuit court, a two-prong deferential standard of review is applied. We review the final order and the ultimate disposition under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard.

Syl. Pt. 1, *In re S.W.*, 236 W. Va. 309, 779 S.E.2d 577 (2015) (quoting Syl., *McCormick v. Allstate Ins. Co.*, 197 W. Va. 415, 475 S.E.2d 507 (1996)). Before this Court, the petitioner argues that the circuit court erred in failing to grant him equal custody of the child. Upon our review, we note that we are precluded from addressing the petitioner's assignment of error because of the circuit court's failure to conduct a proper analysis in accordance with the applicable statutes. It must be stressed that the court, both on the record and in the order on appeal, undertook no discussion of West Virginia Code § 48-9-102a. *See also* W. Va. Code § 48-9-206(d) (requiring that "[t]he court's order determining allocation of custodial responsibility shall be in writing, and include specific findings of fact and conclusions of law supporting the determination").

---

[4] The court made no findings of fact or rulings on the record at the final hearing.

[5] The court ordered the petitioner to pay an additional amount of child support for a limited period prior to the older child reaching the age of majority. Because the petitioner does not challenge the circuit court's rulings in regard to the older child, this award is not at issue on appeal.

That statute establishes a rebuttable presumption "that equal (50-50) custodial allocation is in the best interest of the child." W. Va. Code § 48-9-102a. As we recently explained, "[t]his rebuttable presumption of equal custodial allocation is the *starting point*" for courts making determinations about custodial allocation. *In re D.S.*, 251 W. Va. 466, --, 914 S.E.2d 701, 707 (2025) (emphasis added). Indeed, we explained that "when 'determining whether the presumption for an equal (50-50) allocation of physical custody has been rebutted, a court shall consider all relevant factors' listed in West Virginia Code § 48-9-209(f)." *Id*. (quoting W. Va. Code § 48-9-209(f)). In addition to its failure to undertake an analysis of the presumption itself, the court here failed to make findings concerning the relevant factors from West Virginia Code § 48-9-209(f).[6]

Further, West Virginia Code § 48-9-102a requires that, "[i]f the presumption is rebutted, the court shall, absent an agreement between the parents as to all matters related to custodial allocation, construct a parenting time schedule which maximizes the time each parent has with the child and is consistent with ensuring the child's welfare." In deviating from an equal allocation of custody, the circuit court failed to explain how it maximized the petitioner's time with the child, given that it left the petitioner's parenting time at the child's full discretion. Because of the many critical aspects of the court's decision that lack supportive findings applying the controlling statutes, we are left with no choice but to vacate the circuit court's order. *See Province v. Province*, 196 W. Va. 473, 483, 473 S.E.2d 894, 904 (1996) ("The order must be sufficient to indicate the factual and legal basis for the . . . ultimate conclusion so as to facilitate a meaningful review of the issues presented. Where the lower tribunals fail to meet this standard . . . we must vacate the judgment and remand the case for further findings and development."); *Kane M. v. Miranda M.*, 250 W. Va. 701, 705, 908 S.E.2d 198, 202 (Ct. App. 2024) (remanding for an order with sufficient findings on custodial allocation because "a deviation from the 50-50 presumption must be sufficiently explained and justified by the . . . court in its order"); *Fabiano D. v. Dylan Y.*, No. 24-ICA-77, 2024 WL 4590062, at *4 (W. Va. Ct. App. Oct. 28, 2024) (memorandum decision) (vacating a family court's allocation of custodial responsibility where the court "failed to provide sufficient findings of fact and conclusions of law to support its deviation from the presumption [of equal custodial responsibility]" and stressing that "it is essential for . . . courts to articulate their findings and to explain their reasoning for making such findings" (citation omitted)); *Sylvia L. v. Gerald P.*, No. 24-ICA-332, 2025 WL 1249409, at *3 (W. Va. Ct. App. April 29, 2025)

_____

[6] We recognize that the circuit court made some findings regarding the petitioner's involvement in the child's life. According to West Virginia Code § 48-9-209(f)(3)(D), a relevant factor in deviating from an equal award of custody includes whether a parent

> [h]as intentionally avoided or refused involvement or not been significantly involved in the child's life prior to the hearing, except when the lack of involvement is the result of actions on the part of the other parent which were, without good cause, designed to deprive the parent of contact and involvement with his or her child or children without good cause.

Again, because the court made no reference to any of the applicable statutes, it is unclear if the circuit court was applying the same. Even assuming that the circuit court's findings about the petitioner's involvement in the child's life could be construed as applying this factor, this is simply insufficient in the face of other relevant considerations required by these statutes.

(memorandum decision) (vacating an order awarding *no* parenting time to a mother where the court "failed to expressly consider whether the parenting plan maximized Mother's parenting time pursuant to West Virginia Code § 48-9-102a").

For the foregoing reasons, we vacate the circuit court's June 13, 2024, "Final Order Modifying Parental Time." Upon remand, the court is directed to enter a new order addressing the applicable statutes and required factors consistent with this decision. The Clerk is directed to issue the mandate contemporaneously herewith.

Vacated and remanded, with directions.

**ISSUED**: September 30, 2025

**CONCURRED IN BY**:

Chief Justice William R. Wooton
Justice C. Haley Bunn
Justice Charles S. Trump IV

**DISSENTING:**

Justice Thomas H. Ewing
Senior Status Justice John A. Hutchison

Ewing, Justice, and Hutchison, Senior Status Justice, dissenting:

We dissent to the majority's resolution of this case. We would have set this case for oral argument to thoroughly address the error alleged in this appeal. Having reviewed the parties' briefs and the issues raised therein, we believe a formal opinion of this Court was warranted, not a memorandum decision. Accordingly, we respectfully dissent.